## Richmond

Elsie Poole Everett and Clarence Leroy Wright v.
Commonwealth of Virginia.

November 26, 1973.

Record Nos. 8246 and 8247.

Present, All the Justices.

*James W. Benton, Jr.* (*S. W. Tucker; Henry L. Marsh, III; Hill, Tucker & Marsh*, on brief), for plaintiff in error in Record Nos. 8246 and 8247.

*Robert E. Shepherd, Jr., Assistant Attorney General* (*Andrew P. Miller, Attorney General*, on brief), for defendant in error in Record Nos. 8246 and 8247.

Per Curiam.

Upon warrants charging "unlawful cohabitation in violation of § 18.1-193" appealed from the County Court for Dinwiddie County, the trial court, sitting without a jury, entered orders on September 28, 1971 finding Elsie Poole Everett (Mrs. Everett) and Clarence Leroy Wright (Wright) guilty of "open and gross lewdness and lasciviousness" and imposing a fine on each of $300.00.

The sole question raised by the several joint assignments of error is whether the evidence was sufficient to support the finding.

Mrs. Everett lived in Unit 9 of The Blue Tartan, once a motel, converted and operated as a complex of efficiency apartments. As the result of "complaints from the general neighborhood concerning immoral actions at this particular building", three deputy sheriffs conducted a surveillance of the premises for about two months. On several nights in the later evening and early morning hours, one or more of the deputies saw Mrs. Everett's car and Wright's car parked near Unit 9.

One deputy testified that he observed Wright's car parked there about 9:00 p.m. on July 17, 1971. Another deputy testified that when he commenced surveillance at 11:30 p.m., he saw both cars. By 2:00 a.m., three deputies were in a position across the highway, from which the surveillance was maintained. At that time, a light came on in the back bedroom, and the officers approached the building. The wind parted the curtains at the open window to the back bedroom and one of the deputies, stationed near the window, saw Mrs. Everett, nude, talking on the telephone. He watched as she walked to the bathroom and back to the telephone.

Standing at the front door, another deputy looked through the window of the unlighted front bedroom and an inner doorway into the lighted back bedroom where he saw the end of a bed and clothes on a chair. He watched as Mrs. Everett passed the inner doorway, and when she passed the third time, he knocked on the front door and identified himself. Mrs. Everett came to the door, clad in a robe. When asked for Clarence Wright, she returned to the back bedroom where he saw her throw "what appeared to be a T-shirt and underpants" toward the bed. She returned to the front door with Wright who was wearing a T-shirt and trousers but no shoes. Wright said that he had gotten the apartment keys from Mrs. Everett and, feeling ill, had come to the apartment early in the evening, gone to bed and slept until awakened by the knock on the door. Mrs. Everett told the deputies that she had not had sexual relations with Wright and offered to submit to a medical examination.

Code § 18.1-193 (Repl. Vol. 1960) states in pertinent part:

"If any persons, not married to each other, lewdly and lasciviously associate and cohabit together, or, whether married or not, be

guilty of open and gross lewdness and lasciviousness, they shall be fined not less than fifty nor more than five hundred dollars . . ."

This statute fixes a penalty which attaches upon conviction to either of two offenses stated in the disjunctive, viz., (1) lewd and lascivious cohabitation by persons not married to each other and (2) open and gross lewdness and lasciviousness by persons, married or unmarried. To the extent our opinion in *Johnson* v. *Commonwealth*, 152 Va. 965, 146 S.E. 289 (1929) is inconsistent with this construction of the statute, that case is expressly overruled.

Defendants were charged with "unlawful cohabitation in violation of § 18.1-193"; they were found guilty of "open and gross lewdness and lasciviousness". Error was not assigned to the variance, so we will proceed to consider whether the evidence was sufficient to sustain the finding.[1]

We hold that it was not. Assuming the evidence was sufficient to support an inference that defendants' conduct in Unit 9 was lewd and lascivious and that it was gross, it was insufficient to support a finding that it was "open".

The statutory proscription of open and gross lewdness and lasciviousness was not targeted against adultery or fornication which other statutes make crimes. It was aimed at conduct which, by its openness and notoriety, tends to affront the public conscience and debase the community morality. Conduct not in a public place or a place open to public view and which can be seen only by looking past drawn curtains into a private residence is not "open" and, even though criminal under other statutes or the common law, is not criminal under Code § 18.1-193 (Repl. Vol. 1960).

Here the conduct, whatever its nature was not open to the public but could only be seen by those intending to penetrate the inner privacy of a dwelling.

The judgments are reversed and final judgments entered for defendants.

*Reversed and final judgment.*

---

[1] We also note that the Commonwealth did not offer any evidence to show that Mrs. Everett and Wright were "not married to each other"—an express element of the offense charged. A trial court may not take judicial notice of the existence or nonexistence of a marital status—a defined legal relationship, here, a specific element of the statutory offense and a fact to be proved by the Commonwealth.