Per Curiam.
 

 The prosecution appeals by leave granted from the magistrate’s dismissal of the charge of gross indecency, MCL 750.338b; MSA 28.570(2), brought against defendant. We reverse and remand.
 

 Defendant, an attorney, visited his client, a female inmate at the Macomb County Jail. The visit occurred in an attorney interview room at the jail. The general public was not permitted access to this area of the jail, but jail personnel, attorneys, clergymen, medical personnel, and certain visitors, such as tour groups, were permitted access to the room and its immediate vicinity. The room was accessible by two doors, and the doors contained windows from which passersby could see into the attorney interview room. Once inside the room, defendant allegedly requested a favor from his client, who had paid defendant a retainer, but owed him additional attorney fees. Defendant did not state anything further, but unzipped his pants and exposed his penis. The client pro
 
 *415
 
 ceeded to perform oral sex on defendant until a jail supervisor entered the room and interrupted the act.
 

 The magistrate refused to bind over defendant on a charge of gross indecency. The magistrate held that the preliminary examination testimony had established that sexual conduct had occurred, but that case law provided that sexual acts inside the confines of a prison facility did not constitute gross indecency. The prosecutor appealed to the circuit court, which affirmed the magistrate’s decision, holding that the attorney interview room was not a public place for purposes of the gross indecency statute.
 

 A lower court’s ruling regarding whether alleged conduct falls within the scope of a criminal statute is a question of law, which appellate courts review de novo for error.
 
 People v Thomas,
 
 438 Mich 448, 452; 475 NW2d 288 (1991);
 
 People v Orzame,
 
 224 Mich App 551, 557; 570 NW2d 118 (1997).
 

 The gross indecency statute, MCL 750.338b; MSA 28.570(2), provides, in pertinent part, that “[a]ny male person who, in public or in private, commits or is a party to the commission of any act of gross indecency with a female person shall be guilty of a felony.” Assuming, without deciding, that an act of oral sex between consenting adults in private does not constitute gross indecency, the prosecution must establish in this case that, for purposes of the statute, defendant committed an act of gross indecency “in public.” See
 
 People v Lino,
 
 447 Mich 567, 571; 527 NW2d 434 (1994) (a majority of the justices concluded that “[o]ra! sexual conduct committed in a public place is grossly indecent under MCL 750.338; MSA 28.570,“ but could not agree on a definition or a test to establish “a public place”).
 

 
 *416
 
 In examining the issue whether an act of gross indecency between female persons was committed in public for purposes of the statute, this Court explained in
 
 People v Brown (After Remand),
 
 222 Mich App 586, 591-593; 564 NW2d 919 (1997):
 

 We consider the distinction between oral sexual conduct committed in a public place and oral sexual conduct committed in private to be of significance in applying the statute.
 
 Also, we have determined, based on the facts in
 
 Lino,
 
 that the key issue in determining whether an act of oral sexual conduct was performed in a “public place” is not so much the exact location of the act, but whether there is the possibility that the unsuspecting public could be exposed to or view the act.
 
 The logical implication from this is that, according to
 
 Lino,
 
 the gross indecency statute seeks to protect the public from the possibility of being exposed to or viewing such acts of oral sexual conduct. As a result, oral sexual conduct performed in a manner that may violate this protection is grossly indecent. Therefore, an act of oral sexual conduct is grossly indecent, i.e., committed in a public place, when an unsuspecting member of the public, who is in a place the public is generally invited or allowed to be, could have been exposed to or viewed the act.
 

 Generally, the simple fact that an act of oral sexual conduct was performed in a place where the public is generally invited or allowed to be is strong evidence of gross indecency because, generally speaking, in such places, there is at least the possibility that an unsuspecting member of the public could have been exposed to or viewed the act. However, the circumstances of each particular case control. [Emphasis added.]
 

 See also
 
 People v Jones,
 
 222 Mich App 595, 604; 563 NW2d 719 (1997) (impliedly holding that consensual sexual intercourse between a husband and wife, committed while in a prison facility public visiting room
 
 *417
 
 that was filled to capacity, was an act of gross indecency in a public place).
 

 Here, the circuit court examined the decisions cited and concluded that the attorney interview room in which the act of fellatio was performed on defendant was not a public place because it was not an area to which the general public had access. We find that the circuit court has construed
 
 Brown
 
 too narrowly. In accordance with Brown, the question to be answered is whether “there is the
 
 possibility
 
 that the unsuspecting public could be exposed to or view the act” committed by defendant. We are convinced that, on these facts, the answer must be yes. The testimony at the preliminary examination established that, although the attorney interview room was not open to the general public per se, the interior of the room was visible to others who had access to this area of the jail, including jail personnel, attorneys, and visitors. Accord
 
 Neal v Dep’t of Corrections (On Rehearing),
 
 232 Mich App 730, 745; 592 NW2d 370 (1998) (O’Connell, J., dissenting) (noting that prisons and jails are subject to
 
 limited
 
 access by certain members of the general public, such as visitors, employees, officials, or others seeking voluntary admittance). On the facts before us, we conclude as a matter of law that the attorney interview room was a public place to the extent that certain members of the public with access to this area of the jail could possibly have been exposed to defendant’s sexual act with his client. See
 
 Lino, supra
 
 at 572-573 (a law enforcement official’s observation of the defendant’s sexual act was sufficient to satisfy the elements of gross indecency). We therefore reverse the dismissal of the gross indecency charge, order the charge reinstated,
 
 *418
 
 and remand for proceedings consistent with this opinion.
 

 Reversed and remanded.