COURT OF APPEALS OF VIRGINIA

Present:  Judges Benton, Willis and Annunziata
Argued at Alexandria, Virginia


HENRY D. MORALES
                                              OPINION BY
v.    Record No. 2520-98-4      JUDGE JERE M. H. WILLIS, JR.
                                         FEBRUARY 22, 2000
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                    Marcus D. Williams, Judge

            James G. Connell, III, Assistant Public
            Defender, for appellant.

            Donald E. Jeffrey, III, Assistant Attorney
            General (Mark L. Earley, Attorney General, on
            brief), for appellee.


     On appeal from his convictions of indecent exposure, in

violation of Code § 18.2-387, and peeping into a dwelling, in

violation of Code § 18.2-130, Henry D. Morales contends that the

evidence was insufficient to support either conviction.  We

affirm the judgment of the trial court.

            On appeal, we review the evidence in
            the light most favorable to the
            Commonwealth, granting to it all reasonable
            inferences fairly deducible therefrom.  The
            judgment of a trial court sitting without a
            jury is entitled to the same weight as a
            jury verdict and will not be set aside
            unless it appears from the evidence that the
            judgment is plainly wrong or without
            evidence to support it.

Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418

(1987).

On April 26, 1998, Officer S.C. Bates was dispatched to a Fairfax County apartment building after receiving reports of a "Peeping Tom." He arrived at the building at approximately 11:00 p.m. and observed Morales kneeling in front of a lighted window. Morales' pants were "down around his ankles," his penis was exposed and erect, and he was masturbating. When he saw the police officer, Morales attempted to flee. After arresting Morales, Officer Bates observed inside the apartment two women, neither of whom seemed to be aware of Morales' presence. In a bench trial, Morales was convicted of indecent exposure, in violation of Code § 18.2-387, and window peeping, in violation of Code § 18.2-130.

## I.  Indecent Exposure

Code § 18.2-387 states:

> Every person who intentionally makes an obscene display or exposure of his person, or the private parts thereof, in any public place, or in any place where others are present, or procures another to so expose himself, shall be guilty of a Class 1 misdemeanor.

Morales contends that the evidence was insufficient to support his conviction for indecent exposure, because the Commonwealth did not prove that the exposure was obscene, going "substantially beyond customary limits of candor in description or representation." Code § 18.2-372. We disagree.

The Commonwealth was obliged to prove that Morales' conduct violated contemporary community standards of sexual candor. See

House v. Commonwealth, 210 Va. 121, 126, 169 S.E.2d 572, 576 (1969).  Proof that he was exposing his genitals, that he was in a visibly aroused state, and that he was masturbating satisfied this requirement.  The trial court, as the trier of fact, was familiar with the standards within the community and as such had ample knowledge to determine whether Morales' conduct went "substantially beyond" those standards.  See Hamling v. United States, 418 U.S. 87, 104-05 (1974); United States v. Garcia, 927 F.2d 1442, 1450 (8th Cir. 1991); United States v. Various Articles, 709 F.2d 132, 135-36 (2d Cir. 1983).

The exposure of Morales' penis violated the proscription of Code § 18.2-387.  See Hart v. Commonwealth, 18 Va. App. 77, 79, 441 S.E.2d 706, 707 (1994).  Further, he was in a visibly excited state and was masturbating.  These circumstances "established that his actions had as their dominant purpose an appeal to the prurient interest in sex," and were therefore obscene under the Code.  Id. at 80, 441 S.E.2d at 707.

Morales next argues that the Commonwealth failed to prove that he exposed himself in a public place.  He fails to note, however, that the statute provides, and the warrant charged, that the exposure be "in any public place, or in any place where others are present . . . ."  Code § 18.2-387 (emphasis added).  Officer Bates, the two women in the apartment, and the complainant who called the police were all "present" within the meaning of the statute.

## II. Window Peeping

Code § 18.2-130(A) states:

> It shall be unlawful for any person to enter upon the property of another and secretly or furtively peep, spy or attempt to peep or spy into or through a window, door or other aperture of any building, structure, or other enclosure of any nature occupied or intended for occupancy as a dwelling, whether or not such building, structure or enclosure is permanently situated or transportable and whether or not such occupancy is permanent or temporary.

Morales contends that the evidence was insufficient to sustain his conviction of window peeping, because the Commonwealth failed to prove that he was acting in a secretive or furtive manner. He argues that he could not have been acting secretly or furtively if others saw him. He argues that his conviction for window peeping required proof that he was in a public place, thus disproving that he acted "secretly or furtively." We reject this argument.

Morales was peeping into the window of an apartment containing two women who were unaware of his presence. The statute does not limit prosecution to those who are wholly hidden from view. Rather, it forbids surreptitious peeping with the intent to invade the privacy of those inside the dwelling. The interpretation proposed by Morales would create an absurd result. The "secretly or furtively" element, urged by him, would require proof that no one observe the "peeping tom." See Barr v. Town & Country Prop., Inc., 240 Va. 292, 295, 396 S.E.2d

672, 674 (1990).  Thus, the arrest of the "peeping tom" caught in the act would necessarily disprove an element of the crime. The trial court found that the element of "secrecy or furtiveness" was satisfied because Morales acted under "cover of night without the knowledge of the two females inside the apartment."  This finding of a surreptitious invasion of the privacy of the occupants of the apartment, which was supported by the evidence, satisfied the statute.

The judgment of the trial court is affirmed.

<u>Affirmed.</u>