COURT OF APPEALS OF VIRGINIA


Present:    Judges Humphreys, Felton and Kelsey
Argued at Richmond, Virginia


CHRISTINA WILLIS, S/K/A
  CRISTINA DEANNA WILLIS

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 0173-04-2              JUDGE ROBERT J. HUMPHREYS
                                                         FEBRUARY 8, 2005

COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                          Beverly W. Snukals, Judge

            Reuben V. Greene (Dov M. Szego; Robert Walker & Associates, on
            briefs), for appellant.

            Richard B. Smith, Senior Assistant Attorney General (Jerry W.
            Kilgore, Attorney General, on brief), for appellee.


        Appellant Christina Willis,[1] a transvestite,[2] appeals his conviction, following a bench

trial, for three counts of indecent exposure, in violation of Code § 18.2-387.[3]  Willis contends

that the trial court improperly utilized a standard of "indecency" rather than a standard of

"obscenity" when determining whether his conduct violated the statute.  For the reasons that

follow, we disagree and affirm his convictions.

---

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.  Moreover,
as this opinion has no precedential value, we recite only those facts necessary to our holding.

        [1] In the trial court and on his notice of appeal, appellant's name is spelled "Cristina."  On
appeal, however, he has spelled it "Christina."

        [2] Willis changed his name from "Wayne" to "Cristina" about three years before this
incident.

        [3] Willis was found not guilty of a fourth charge of indecent exposure stemming from a
separate incident.  That fourth incident is not at issue in this appeal.

On the morning of August 22, 2003, Willis displayed his breasts[4] and buttocks three separate times while on a public street in Richmond. Specifically, at 2:50 a.m., Willis showed his breasts twice and his buttocks once. This first occurrence lasted approximately twenty-five seconds. During the second incident, occurring at 2:55 a.m., he displayed his buttocks for approximately twenty seconds. During the third incident, occurring at 3:23 a.m., he got out of a car with his breasts bared.

These three occurrences were observed and videotaped by Officer Matthew Edgar, an undercover officer with the Richmond Police Department. Willis was arrested on September 9, 2003, for "intentionally mak[ing] an obscene display of the accused's person or private parts in a public place or in a place where others were present."

At trial, Willis argued that his conduct did not amount to an "obscene display" because "the fact that [he] bent over . . . and [the officer] saw some cheeks is not obscene according to the definition of obscene." In essence, Willis contended that the exposure of body parts other than genitalia is not sufficient to constitute an "obscene display" unless that exposure is coupled with an additional gesture or some other form of lewd conduct.

The trial court found Willis guilty of all three counts of indecent exposure. Although the court noted that it was not "sure that the statute requires an obscene *exposure*," it did observe that the statute "requires an obscene *display*." The court then found that "[e]ven it it were to require an obscene exposure, . . . the tape satisfies that requirement," concluding that "in all of those three incidents depicted in the video tape, that Ms. Willis is exposing in an indecent manner her [sic] breasts and her [sic] buttocks . . . ."

---

[4] The photographic exhibits make it clear that Willis' breasts were augmented surgically or otherwise to resemble female mammalia.

The sole issue raised on appeal is whether an act of exposure must be "obscene" in order to constitute an act of "indecent exposure" within the meaning of Code § 18.2-387. According to this statute,

> Every person who intentionally makes an obscene display or exposure of his person, or the private parts thereof, in any public place, or in any place where others are present . . . shall be guilty of a Class 1 misdemeanor. No person shall be deemed to be in violation of this section for breastfeeding a child in any public place or any place where others are present.

Willis argues that the trial court therefore erred when it convicted him under this statute because the court relied on a standard of "indecent" exposure rather than a standard of "obscene" exposure.

On appeal, the Commonwealth agrees, as do we, that "the correct standard for deciding a charge of 'indecent exposure' under Code § 18.2-387 is whether the display or exposure was 'obscene,' as that term is defined by Code § 18.2-372." See generally Morales v. Commonwealth, 31 Va. App. 541, 525 S.E.2d 23 (2000) ("The Commonwealth was obliged to prove that [the defendant's] conduct violated contemporary community standards of sexual candor.").

According to Code § 8.01-678, however, "When it plainly appears from the record and the evidence given at trial that the parties have had a fair trial on the merits and substantial justice has been reached, no judgment shall be . . . reversed . . . for any error committed on the trial." We have held that, under this statute, "[a]n error does not affect a verdict if a reviewing court can conclude, without usurping the . . . fact finding function, that, had the error not occurred, the verdict would have been the same." Lavinder v. Commonwealth, 12 Va. App. 1003, 1005, 407 S.E.2d 910, 912 (1991) (*en banc*). Also, because "[t]he effect of an error on a verdict varies widely 'depending upon the circumstances of the case,'" id. at 1009, 407 S.E.2d at

- 3 -

913 (quoting Commonwealth v. Story, 383 A.2d 155, 164 (Pa. 1978)), "[e]ach case must . . . be analyzed individually to determine if an error has affected the verdict." Id.

Here, as noted by the Commonwealth, although the trial court expressed its uncertainty as to whether the applicable standard was one of "indecency" or one of "obscenity," the trial court expressly noted that "*[e]ven if* [the statute] require[s] an obscene exposure, . . . *the tape satisfies that requirement*." (Emphases added). Accordingly, even if the trial court applied an "indecency" standard rather than an "obscenity" standard, that error was harmless because, "had the error not occurred, the verdict would have been the same." Id. at 1005, 407 S.E.2d at 912.

Willis contends, however, that the error was not harmless because the record does not indicate that the trial court "fully consider[ed] this statute, or the definition included in it." Willis also asserts that "[w]hen the trial Court applies the wrong standard, particularly a standard easier for the Commonwealth to meet, . . . it is difficult to conceive of such error as harmless." However, there is no indication in the record that the trial court did not understand or fully appreciate the difference between conduct that is "obscene" and conduct that is "indecent." Rather, the trial court's statements distinguishing the two clearly indicate that the court understood the difference between an "obscene" exposure and an "indecent" exposure and that regardless of which standard was applied, Willis' conduct fell within the scope of the statute.

Moreover, the trial court's conclusion that Willis' conduct amounted to an "obscene exposure" is supported by evidence in the record. According to Code § 18.2-372, "obscene" conduct is

> [T]hat which, considered as a whole, has as its dominant theme or purpose an appeal to the prurient interest in sex, that is, a shameful or morbid interest in nudity, sexual conduct, sexual excitement, excretory functions or products thereof or sadomasochistic abuse, and which goes substantially beyond customary limits of candor in description or representation of such matters and which, taken as a

- 4 -

whole, does not have serious literary, artistic, political or scientific matter.

Here, when viewed in the light most favorable to the Commonwealth, Willis' conduct clearly had "as its dominant theme or purpose an appeal to the prurient interest in sex." During each of these three incidents, Willis exposed either his breasts or his buttocks for an extended length of time. While his body parts were exposed, Willis made no attempt to cover himself. These incidents occurred between 2:00 and 3:30 in the morning while Willis was parading up and down a street in an area known for illegal prostitution. Taken as a whole, these circumstances suffice to demonstrate that Willis' conduct was both intentional and done with the purpose of "appeal[ing] to the prurient interest in sex." Cf. Hart v. Commonwealth, 18 Va. App. 77, 79-80, 441 S.E.2d 706, 707 (1994) (affirming conviction for indecent exposure where the defendant made certain suggestive remarks while wearing a G-string swimsuit in public, thereby exposing his buttocks and a portion of his pubic area).

Because any error committed by the trial court therefore constituted harmless error, we affirm Willis' convictions for indecent exposure.

Affirmed.