COURT OF APPEALS OF VIRGINIA

Present:  Judges Elder, Humphreys and Huff
Argued at Chesapeake, Virginia

PUBLISHED

LEO RICARDO BARNES

v.        Record No. 0271-12-1

COMMONWEALTH OF VIRGINIA

OPINION BY
JUDGE LARRY G. ELDER
MARCH 5, 2013

FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
David F. Pugh, Judge

Charles E. Haden for appellant.

Eugene Murphy, Senior Assistant Attorney General (Kenneth T.
Cuccinelli, II, Attorney General, on brief), for appellee.


Leo Ricardo Barnes (appellant) appeals his convictions for indecent exposure, in

violation of Code §§ 18.2-387 and 18.2-67.5:1, and for sexual display, in violation of Code

§ 18.2-387.1. On appeal, he argues that the evidence was insufficient to support his convictions

because appellant was not "in public" or "in any public place" at the time of the alleged offenses.

For the reasons that follow, we affirm.

I.

On appeal, we view the evidence in the light most favorable to the Commonwealth, as the

party prevailing below. E.g., Rawls v. Commonwealth, 272 Va. 334, 340, 634 S.E.2d 697, 699

(2006). Shamieka Owens testified that as an employee of the Newport News Pretrial Services

unit, she visited the Newport News jail to interview an inmate. The interview occurred "[o]n the

first floor in lockup," which a person needs specific authorization in order to access. During the

interview, Owens saw appellant, an inmate in a nearby cell. He stood at the front of his cell, "up

at the bars," masturbating, and looking at her with "a grin on his face." At least eight other inmates were present in the cells behind her.

Appellant moved to strike, arguing that the Commonwealth failed to prove that the alleged conduct occurred in a public place. The trial court denied the motion, explaining:

> [L]et me just read . . . the statute, "Any person who while in any public place where others are present." The Court defines public place "where others are present." And I think that's the intent of the General Assembly when they give that public, where others are present, not people just happenstancedly just walking in and out of a building, but where other people are present. So if that's not true, then any person, any inmate, in any jail can take out his penis and show it because the argument would be that it's not in public but this was, in fact, a public area. It was open to the other inmates. It was open to Ms. Owens who was there doing a public duty, a job that required her to talk to others.

After appellant testified, he again argued the alleged offenses did not occur in a public place, because the jail was essentially his home. The trial court found appellant guilty, sentencing him to five years' incarceration for indecent exposure and twelve months for sexual display.

II.

ANALYSIS

Appellant appeals both convictions, arguing that the evidence was insufficient to support them because he was not "in public" or "in any public place" as defined by the statutes. The Commonwealth responds that the first floor of the jail was a public area.[1]

---

[1] The Commonwealth additionally contends that appellant failed to adequately preserve his argument as to his indecent exposure conviction for appeal. Under Rule 5A:18, "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling." The purpose of this rule is to ensure "'that objections be promptly brought to the attention of the trial court with sufficient specificity that the alleged error can be dealt with and timely addressed and corrected when necessary.'" Redman v. Commonwealth, 25 Va. App. 215, 220, 487 S.E.2d 269, 272 (1997) (quoting Brown

We review the trial court's interpretation of the statute *de novo*. See Harris v. Commonwealth, 274 Va. 409, 413, 650 S.E.2d 89, 91 (2007). "The primary objective of statutory construction is to ascertain and give effect to legislative intent." Commonwealth v. Zamani, 256 Va. 391, 395, 507 S.E.2d 608, 609 (1998). Thus, we construe a statute "with reference to its subject matter, the object sought to be attained, and the legislative purpose in enacting it; the provisions should receive a construction that will render it harmonious with that purpose rather than one which will defeat it." Esteban v. Commonwealth, 266 Va. 605, 609, 587 S.E.2d 523, 526 (2003).

"It is a cardinal principle of law that penal statutes are to be construed strictly against the [Commonwealth]" and "cannot be extended by implication, or be made to include cases which are not within the letter and spirit of the statute." Wade v. Commonwealth, 202 Va. 117, 122, 116 S.E.2d 99, 103 (1960). However, "we will not apply 'an unreasonably restrictive interpretation of the statute' that would subvert the legislative intent expressed therein." Armstrong v. Commonwealth, 263 Va. 573, 581, 562 S.E.2d 139, 144 (2002) (quoting Ansell v. Commonwealth, 219 Va. 759, 761, 250 S.E.2d 760, 761 (1979)).

Code § 18.2-387 provides it is illegal for a "person [to] intentionally make[] an obscene display or exposure of his person, or the private parts thereof, *in any public place*, *or in any place where others are present*." (Emphasis added). Code § 18.2-387.1 criminalizes the act of "[a]ny person who, while *in any public place where others are present*, intending that he be seen

<hr />

v. Commonwealth, 8 Va. App. 126, 131, 380 S.E.2d 8, 10 (1989)). Furthermore, the rule allows "correction of an error if possible during the trial, thereby avoiding the necessity of mistrials and reversals." Gardner v. Commonwealth, 3 Va. App. 418, 423, 350 S.E.2d 229, 232 (1986). The appellant clearly argued that the location did not constitute a "public place," and the trial court rejected that contention. Therefore, appellant sufficiently preserved this issue for appeal as to both of his convictions.

by others, intentionally and obscenely . . . engages in actual or explicitly simulated acts of masturbation."  (Emphasis added).

Neither code section nor the chapter provides a definition for the term "public place." However, other jurisdictions have addressed the issue. [2]  In doing so, courts have focused on an act's "open and notorious" nature or the reasonable foreseeability of public witnesses.  See, e.g., United States v. Carr, 28 M.J. 661, 665 (N-M C.M.R 1989) (holding that a sexual act is "open and notorious" if it occurs "in such a place and under such circumstances that it is reasonably likely to be seen by others"); Michigan v. Neal, 702 N.W.2d 696 (Mich. Ct. App. 2005) (affirming conviction where a guest in defendant's home witnessed indecent exposure because it occurred where she "would have reasonably been expected to observe it, and she might reasonably have been expected to have been offended by what was seen"); New York v. McNamara, 585 N.E.2d 788, 793 (N.Y. 1991) (holding that a place is "public" for purposes of the public lewdness statute "under circumstances indicating [the place] is visible to a member of the passing public, and that . . . it likely would be observed by such a person"); Messina v. State, 130 A.2d 578, 579-80 (Md. 1957) ("'The place where the offense is committed is a public one if the exposure be such that it is likely to be seen by a number of casual observers.'" (quoting 67 C.J.S. Obscenity § 5)).

---

[2] In this instance, other sections of the Virginia Code offer little clarification.  See King v. Commonwealth, 2 Va. App. 708, 710, 347 S.E.2d 530, 531 (1986) ("The Code of Virginia constitutes a single body of law, and other sections can be looked to where the same phraseology is employed.").  Code § 4.1-100 defines "public place," but limits the provided definition to the context of Title 4.1, the Alcoholic Beverage Control Act.  In Crislip v. Commonwealth, 37 Va. App. 66, 554 S.E.2d 96 (2001), we interpreted the meaning of "in public" under Code § 18.2-388, which proscribes "in public" intoxication, but distinguished the term "in public" from "public place" under Title 4.1.  Id. at 70-71, 544 S.E.2d at 98.

Similarly, we hold that "public place," as used in Code §§ 18.2-387 and 18.2-387.1 comprises places and circumstances where the offender does not have a reasonable expectation of privacy, because of the foreseeability of a non-consenting public witness.

This conclusion is harmonious with the statutes' purpose. Code § 18.2-387 codified the common law offense of "open and notorious lewdness." Moses v. Commonwealth, 45 Va. App. 357, 360-61, 611 S.E.2d 607, 609 (2005). Code §§ 18.2-387 and 18.2-387.1 include language restricting such behavior "where others are present." The statutory history and "where others are present" language indicate the legislature's purpose in enacting the statutes was to protect individuals from witnessing the offensive conduct. See, e.g., McNamara, 585 N.E.2d at 791 (noting the public lewdness statute "was aimed at protecting . . . 'unsuspecting, unwilling, nonconsenting, innocent, surprised, or likely-to-be offended or corrupted types of viewers'").

Standing by the bars at the front of his cell in first floor lockup, appellant was in open view to staff, other inmates, and to members of the public with authorized access. Under the circumstances, it was probable that a non-consenting witness would observe his conduct. Therefore, appellant did not have a reasonable expectation of privacy and the facts were sufficient to support the finding that his behavior occurred in a public place under Code §§ 18.2-387 and 18.2-387.1.

Our holding is in line with other jurisdictions that have considered the issue and held that correctional facilities are "public places" for purposes of public indecency statutes due to the possible viewing by staff or visitors.

In Louisiana v. Narcisse, 833 So. 2d 1186, 1191-92 (La. Ct. App. 2002), the Louisiana Court of Appeals examined whether a prison infirmary qualified as a "public place" under that state's obscenity statute. Noting that "[a] public place or place open to the public view does not

have to be open to all members of the public," the court defined "a public place or a place open to the public view" as "any place where other people can observe the obscene act." Id. at 1192. The court concluded that the evidence of accessibility to the infirmary by visitors and staff provided a sufficient basis for the fact finder to conclude it was a public place or a place open to the public. Id. at 1193.

The Michigan Court of Appeals has held that "'the key issue in determining whether an act of oral sexual conduct was performed in a "public place" is not so much the exact location of the act, but whether there is the possibility that the unsuspecting public could be exposed to or view the act.'" Michigan v. Williams, 603 N.W.2d 300, 301 (Mich. Ct. App. 1999) (quoting Michigan v. Brown, 564 N.W.2d 919, 921 (Mich. Ct. App. 1997)), vacated in part on other grounds, 613 N.W.2d 721 (Mich. 2000). Applying this framework, the Michigan Court of Appeals held that the attorney interview room "was a public place to the extent that certain members of the public with access to this area of the jail could possibly have been exposed to defendant's sexual act with his client." Id. at 302.

In Arkansas v. Black, 545 S.W.2d 617, 619 (Ark. 1977), the court held that the "drunk tank" was a public place for purposes of the sexual indecency statute in light of the possibility of being observed by persons on an occasional tour of the jail, frequent visitors to inmates, and the other inmates present.

III.

The evidence supported the finding that appellant's conduct occurred in a public place under Code §§ 18.2-387 and 18.2-387.1. Therefore, we affirm.

Affirmed.