UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:   Judges Humphreys, Beales and Huff
Argued at Chesapeake, Virginia


TIMOTHY DELMAR COOPER

MEMORANDUM OPINION[*] BY
v.        Record No. 2340-12-1          JUDGE ROBERT J. HUMPHREYS
DECEMBER 17, 2013

CITY OF VIRGINIA BEACH


FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
Glenn R. Croshaw, Judge

Otis K. Forbes, III (Suzanne G. Moushegian, Appellate Coordinator;
Office of the Public Defender, on brief), for appellant.

S. Catherine Dodson, Senior Commonwealth's Attorney (Harvey L.
Bryant, Commonwealth's Attorney; C. Andrew Rice, Assistant
Commonwealth's Attorney, on brief), for appellee.


Timothy Delmar Cooper ("Cooper") appeals his conviction of indecent exposure in

violation of Virginia Beach City Code § 22-11 ("City Code § 22-11").  Cooper's single

assignment of error is that the evidence was insufficient to convict him of indecent exposure

because it did not prove that the conduct occurred in a "public place."  Because the issue before

this Court is whether Cooper was in a "public place" within the meaning of City Code § 22-11,

we review the trial court's interpretation of City Code § 22-11 de novo.  See Barnes v.

Commonwealth, 61 Va. App. 495, 497, 737 S.E.2d 919, 920 (2013).

This Court recently reviewed a trial court's interpretation of a "public place" under the

Virginia Code's indecent exposure statute, Code § 18.2-387.  See Barnes, 61 Va. App. at 497,

737 S.E.2d at 921.  Code § 18.2-387 and City Code § 22-11 have virtually identical language.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Pursuant to Code § 18.2-387, a person who "intentionally makes an obscene display or exposure of his person, or the private parts thereof, *in any public place, or in any place where others are present*" is guilty of indecent exposure. (Emphasis added). While under City Code § 22-11, a person who "intentionally make[s] an obscene display or exposure of his person, or the private parts thereof, *in any public place or in any place where others are present*" is guilty of indecent exposure. (Emphasis added). Thus, because this Court recently interpreted language identical to City Code § 22-11, the definition of a "public place" in Barnes is controlling in construing the meaning of a "public place" under City Code § 22-11.

Barnes was convicted of indecent exposure after he openly masturbated at the front of his jail cell in first floor lockup, while staring and grinning at a female employee in open view to the staff, other inmates, and other members of the public with authorized access. Barnes, 61 Va. App. at 497, 500, 737 S.E.2d at 920, 922. He argued on appeal that the evidence was insufficient to support his convictions under Code §§ 18.2-387 and 18.2-387.1 because "the alleged offenses did not occur in a public place, because the jail was essentially his home." Id. at 497, 737 S.E.2d at 920. This Court held that the term "public place" as used in Code §§ 18.2-387 and 18.2-387.1 "comprises places and circumstances where the offender does not have a reasonable expectation of privacy, because of the foreseeability of a non-consenting public witness." Id. at 500, 737 S.E.2d at 921. Because it was probable that a non-consenting witness would observe Barnes's conduct, he therefore, did not have a reasonable expectation of privacy. Id. at 500, 737 S.E.2d at 922. Affirming Barnes's conviction, this Court held that the evidence supported a finding that the offense occurred in a "public place." Id.

Applying the reasonable expectation of privacy standard articulated in Barnes, the evidence in this case is sufficient to support a finding that the offense occurred in a "public place." Cooper was masturbating in an inmate block shower stall only seven feet from a nurse

administering medications, a Virginia Beach Sheriff's Deputy, and several other inmates. Due to lock down procedures, the water in the shower was off. Cooper was standing completely naked in a non-functioning shower. The nurse could see him masturbating through a three-inch gap in the shower curtain.

Cooper argues that Barnes is distinguishable from this case because he, unlike the defendant in Barnes, had a reasonable expectation of privacy behind the shower curtain. Although we recognize that under certain circumstances it is possible that an inmate could have a reasonable expectation of privacy in a jailhouse shower stall, this case does not present such facts. While Cooper's actions may not have been as openly brazen as the defendant's in Barnes, "it was probable that a non-consenting witness would observe [Cooper's] conduct." Id. In fact, at least one non-consenting witness, the nurse, did observe his conduct. Cooper did not have a reasonable expectation of privacy while masturbating several feet away from inmates and staff, completely naked, in a non-functioning shower, with a partially open shower curtain. Therefore, we conclude that the evidence was sufficient to support a finding that Cooper's conduct occurred in a "public place."

Moreover, irrespective of whether Cooper was in a "public place" at the time of the offense, the evidence is sufficient to support his conviction for indecent exposure because the offense occurred in a place "where others are present." City Code § 22-11—like Code § 18.2-387—criminalizes an intentional obscene display or exposure of a person's private parts, "in any public place *or* in any place where others are present." City Code § 22-11 (emphasis added); see Code § 18.2-387 ("in any public place, or in any place where others are present"). In Morales v. Commonwealth, 31 Va. App. 541, 544, 525 S.E.2d 23, 24 (2000), the appellant argued that he did not expose himself in a "public place" under Code § 18.2-387 when he was caught masturbating while kneeling in front of an illuminated apartment window. This Court

affirmed the appellant's conviction because at the time of the offense a police officer, the two women inside the apartment, and the complainant who called the police "were all 'present' within the meaning of the statute." Id. at 544, 525 S.E.2d at 24. Similarly, in this case, the evidence is sufficient to support a finding that Cooper masturbated in a "place where others"—a nurse, a deputy, and several inmates—were "present."

Therefore, because Cooper was masturbating in a "public place," or alternatively a "place where others are present" within the meaning of City Code § 22-11, we hold that the evidence is sufficient to support his conviction. Accordingly, we affirm the trial court's judgment.

<u>Affirmed.</u>