# CIRCUIT COURT OF THE CITY OF NORFOLK

Susan K. Davis

v.

Millard M. Davis

June 6, 2014

Case Nos. (Civil) CL13-7696, 13-7696-01

BY JUDGE EVERETT A. MARTIN, JR.

We are fortunate there are no children of the marriage in this particularly spiteful divorce suit. The parties entered into separation agreements in April and July of 2011, but the husband is asking they be declared void because of certain alleged misbehavior of the wife during the time they were negotiating the agreements. In what is surely a bad sign for the trial judge, whoever that may prove to be, each party has issued subpoenas *duces tecum* for the pharmacy records of the other. The suit came before me on May 22 on several motions, but time permitted only two of them to be heard fully.

## *Motion To Quash*

Mr. C. (as this is a public record, I shall so refer to Ms. Markiewicz's client), who is alleged to be (or to have been) the wife's paramour, seeks to quash a subpoena *duces tecum* the husband issued for his cellular telephone records. He states he is self-employed and he complains that this would be an invasion of the privacy of his clients. The evidence adduced at the hearing supported that complaint as it proved the husband is likely to misuse the information if its production is compelled.

The husband has sent many text messages to Mr. C. It appears he obtained Mr. C.'s number from his wife's telephone records. Some of the text messages were vulgar; others were somewhat threatening. Mr. C., no doubt, found them all unwanted.

The husband has also called two women who are friends of his wife, whose telephone numbers he also seems to have obtained from his wife's telephone records. Ms. Alewine testified she did not know the husband, but he nonetheless called her to tell her that his wife had cheated on him eight times. Ms. Bangel testified she has met the husband, but she does not know him well. Their lack of familiarity did not dissuade the husband from telling her she could expect a subpoena because the wife had a tryst at her house.

I sustain the motion to quash except that Mr. Murov may: (i) obtain records showing communications to or from any telephone number the wife used, and (ii) give to Ms. Markiewicz a list of other telephone numbers he wishes to check against Mr. C.'s records, and a specific reason for each other number requested. If Ms. Markiewicz has no objection to the request, she shall produce the records; if she has an objection, another hearing may be necessary. Telephone numbers not covered by (i) or (ii) shall be redacted. The husband will pay Ms. Markiewicz a reasonable paralegal's fee for preparing these records.

## Motion To Compel

The husband moves to compel Mr. C. to answer questions at a deposition about sexual relations he may have had with the wife. Mr. C. was deposed on April 8, and he invoked his right against self-incrimination to most of the questions asked. At the hearing, he claimed he did so because he feared that if he answered he could be prosecuted for fornication, prostitution, or consensual sodomy.

The privilege against self-incrimination must be specifically claimed on a particular question. The court may require a witness to answer a question if it clearly appears the witness is mistaken in his belief of a hazard of incrimination. To sustain the privilege, the court must be shown how conceivably a prosecutor, building on a seemingly harmless answer, might proceed step by step to link the witness to some crime, but this suggested course and scheme of linkage must not seem incredible in the circumstances of the particular case. Furthermore, the privilege protects against real dangers, not remote and speculative possibilities. *North Am. Mortgage Investors v. Pomponio*, 219 Va. 914, 918-19, 252 S.E.2d 345, 348-49 (1979) (citing and quoting from *Hoffman v. United States*, 341 U.S. 479, 486-87 (1951)); *Zicarelli v. New Jersey State Commission of Investigation*, 406 U.S. 472, 478 (1972); *United States v. Coffey*, 198 F.2d 438, 440 (3d Cir. 1952); *Temple v. Commonwealth*, 75 Va. 892, 899 (1881).

## Fornication

At the hearing it was stated without objection or contradiction that Mr. C. is not married. If he has been having an affair with the wife, he has committed fornication. *Commonwealth v. Lafferty*, 47 Va. (6 Gratt.) 672

(1849). The General Assembly has not repealed the fornication statute, Va. Code § 18.2-344, but the Supreme Court held it unconstitutional with respect to private, consensual conduct in *Martin v. Ziherl*, 269 Va. 35, 607 S.E.2d 367 (2005), as explained in *McDonald v. Commonwealth*, 274 Va. 249, 645 S.E.2d 918 (2007). As fornication is a class 4 misdemeanor, there is a one year statute of limitations on prosecutions. Va. Code § 19.2-8.

### Prostitution

Mr. C. claims he could be subject to prosecution for prostitution, Va. Code § 18.2-346, based upon questions about the wife's payment of his traveling expenses or debts. (Deposition pp. 14-15.) Prostitution is "common, indiscriminate, illicit intercourse for hire, or the practice by a female in offering her body to an indiscriminate intercourse with men for money or its equivalent." *Trent v. Commonwealth*, 181 Va. 338, 342, 25 S.E.2d 350, 352 (1943) (quoting *People v. Marron*, 140 Cal. App. 432, 35 P.2d 610 (1934)). Even applying a gender-neutral definition, if lovers bestow gifts or other things of value on one another, they are not engaged in prostitution. His prosecution for this offense is beyond a remote and speculative possibility.

Furthermore, as prostitution is a class 1 misdemeanor, there is a one year statute of limitations on prosecutions. Va. Code § 19.2-8.

### Sodomy

Mr. C. also claims he could be subject to prosecution for sodomy, Va. Code § 18.2-361. The Court of Appeals for the Fourth Circuit held the statute unconstitutional in *Macdonald v. Moose*, 710 F.3d 154 (4th Cir. 2013). The Supreme Court of Virginia has upheld the statute as applied to acts involving an adult and a minor. *McDonald v. Commonwealth, supra.* The Court of Appeals of Virginia has upheld the statute as applied to public acts. *Singson v. Commonwealth*, 46 Va. App. 724, 621 S.E.2d 682 (2005). As sodomy is a felony not mentioned in Va. Code § 19.2-8, there is no statute of limitations on its prosecution.

### Public Acts

An act occurring in a place not open to the public may nonetheless be considered to be "in public" under various criminal statutes. In *Crislip v. Commonwealth*, 37 Va. App. 66, 554 S.E.2d 96 (2001), the Court upheld a conviction for intoxication "in public," Va. Code § 18.2-388, when the defendant was on a porch on private property in open view of a public highway sixty feet away. In *Singson, supra,* the act occurred in a department store bathroom. In *Barnes v. Commonwealth*, 61 Va. App. 495, 737 S.E.2d 919 (2013), the Court upheld convictions for indecent exposure, Va. Code § 18.2-387, and obscene sexual display, Va. Code § 18.2-387.1, when the

defendant was masturbating in his cell block in jail, a place most members of the public hope never to be. The former statute requires that the act occur "in any public place, or in any place where others are present;" the latter requires the act occur "in any public place where others are present." The Court of Appeals held that "public place" as used in these statutes: "comprises places and circumstances where the offender does not have a reasonable expectation of privacy, because of the foreseeability of a non-consenting public witness." 61 Va. App. at 500, 737 S.E.2d at 921. However, in *Everett v. Commonwealth*, 214 Va. 325, 200 S.E.2d 564 (1973), a conviction under former Va. Code § 18.1-193 for "open and gross lewdness and lasciviousness" was reversed because the defendant's nakedness was revealed to a deputy sheriff staking out the motel room only when the "wind parted the curtains at the open window to the back bedroom." 214 Va. at 326, 200 S.E.2d at 566. The Court held that: "Conduct not in a public place or a place open to public view and which can be seen only by looking past drawn curtains into a private residence is not 'open'. . . ." 214 Va. at 327, 200 S.E.2d at 566.

What to make of all this? If Mr. C. and the wife engaged in coitus or consensual sodomy, criminal liability could depend, among other factors, upon the nature of the place where the act occurred, and, if in a building, the location of windows, the presence of drawn or open curtains, lighting, the proximity to a public street or sidewalk, and the time of day. As a witness may not claim a blanket right to refuse to answer questions in a civil proceeding, but, rather, must claim the privilege with respect to a particular question, I should not decree a blanket denial of the privilege when exposure to prosecution may depend upon so many unknown circumstances. Although prosecutions for fornication and consensual sodomy are now uncommon, the discretion of an unknown assistant Commonwealth's attorney is a poor guarantee of the liberty of the citizen, and, given the husband's conduct to date, it is quite possible he would attempt to secure a warrant from a magistrate based upon deposition testimony.

Mr. C. must answer questions about coitus with the wife more than one year before the resumption of his deposition. I am not prepared to go beyond this on the state of the record before me.