COURT OF APPEALS OF VIRGINIA

**PUBLISHED**

Present:   Judges AtLee, Friedman and Raphael
Argued at Lexington, Virginia


DEVONZA A. JOHNSON, SOMETIMES KNOWN AS
 DEVONZA ANTIWAN JOHNSON

                                                          OPINION BY
v.      Record No. 1122-21-3                    JUDGE STUART A. RAPHAEL
                                                        SEPTEMBER 20, 2022

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF AUGUSTA COUNTY
Paul A. Dryer, Judge

Kelsey Bulger, Senior Assistant Public Defender (A. Meredyth
Eckel, Assistant Public Defender; Virginia Indigent Defense
Commission, on briefs), for appellant.

John Beamer, Assistant Attorney General (Jason S. Miyares,
Attorney General, on brief), for appellee.


Devonza Antiwan Johnson appeals his conviction for engaging in an obscene sexual

display in violation of Code § 18.2-387.1.  While incarcerated in the restrictive housing unit at

the Augusta Correctional Center, Johnson called a female prison librarian over to the window of

his cell.  He then backed away a few paces and drew her attention to himself while he exposed

his penis and masturbated.  Johnson argues that he could not be convicted under the language of

the statute because the conduct did not occur "in any *public* place where others are present."

Code § 18.2-387.1 (emphasis added).  Finding that Johnson's argument is foreclosed by *Barnes*

*v. Commonwealth*, 61 Va. App. 495 (2013), we affirm.

BACKGROUND

We recite the facts "in the 'light most favorable' to the Commonwealth, the prevailing

party in the trial court." *Hammer v. Commonwealth*, 74 Va. App. 225, 231 (2022) (quoting

*Commonwealth v. Cady*, 300 Va. 325, 329 (2021)). In doing so, we "discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences to be drawn [from that evidence]." *Ray v. Commonwealth*, 74 Va. App. 291, 307 (2022) (alteration in original) (quoting *Bagley v. Commonwealth*, 73 Va. App. 1, 26 (2021)).

On October 9, 2019, Johnson was incarcerated at the Augusta Correctional Center. He was confined to a single cell behind a "mostly solid door with a very small, barred window." The window was about twelve to eighteen inches square and "upper chest" high.

A female librarian visited the prison "pod" where Johnson was housed. Following standard practice, she announced that a female was present on the floor outside the cells. Johnson called the librarian over to his cell and asked for a book like the one he had previously borrowed. He was standing "right at the door," and he was visible only from the neck up. The librarian asked Johnson to raise the book so that she could record its barcode. When she looked through the window to copy the barcode, however, Johnson had backed away. As the librarian drew closer to the window, she saw Johnson actively stroking his erect penis while looking directly at her. He was clothed but had opened the crotch of his jumpsuit to expose himself. Johnson had turned sideways to the door, his penis in one hand and the book in the other.

Although male guards were also present in the pod a few feet away from the librarian, the record contains no indication that anyone other than the librarian could see Johnson's lewd display through his cell-door window.

At trial, Johnson conceded that his penis had been exposed but denied that he was stroking it. He claimed to have felt a "draft" toward "his penis area" and said he was adjusting himself when the librarian saw him. Johnson said that he "thought the door could block" the view.

- 2 -

The trial court found the librarian's testimony more credible than Johnson's and convicted him of violating Code § 18.2-387.1. The court sentenced him to a term of three months' incarceration.

ANALYSIS

"We apply a deferential standard of review to challenges based on the sufficiency of the evidence, and the decision of the '[t]he lower court will be reversed only if that court's judgment is plainly wrong or without evidence to support it.'" *Cartagena v. Commonwealth*, 68 Va. App. 202, 207 (2017) (alteration in original) (quoting *Allen v. Commonwealth*, 287 Va. 68, 72 (2014)). But "when an appeal presents the question whether the facts proved, and the legitimate inferences drawn from them, fall within the language of a statute, we must construe statutory language to answer the question. That function presents a pure question of law[,] which we consider *de novo* on appeal." *Id.* (quoting *Smith v. Commonwealth*, 282 Va. 449, 453-54 (2011)).

Johnson argues that there was insufficient evidence to establish that his cell constituted a "public place" under Code § 18.2-387.1.[1] He emphasizes that his cell was "not generally accessible" and had a door that was "almost entirely opaque, with only one single window providing a view into the cell." He adds that the librarian had to take a "specific purposeful action to observe him."

If we were writing on a clean slate, Johnson's argument would carry some force. We are struck, in particular, by the difference in language between the indecent-exposure statute, Code

---

[1] Code § 18.2-387.1 provides: "Any person who, while in any public place where others are present, intending that he be seen by others, intentionally and obscenely as defined in § 18.2-372, engages in actual or explicitly simulated acts of masturbation, is guilty of a Class 1 misdemeanor."

- 3 -

§ 18.2-387,[2] and the obscene-sexual-display statute here. A person commits "indecent exposure" by exposing himself "in any public place, *or* in any place where others are present." Code § 18.2-387 (emphasis added). The two places are named in the disjunctive. But a person commits an obscene sexual display by masturbating "in any public place where others are present." Code § 18.2-387.1. The two places named in the indecent-exposure statute have been fused into a single place in the obscene-sexual-display statute.

Johnson's counsel insisted at oral argument that this difference is meaningful. She explained that Johnson could have been convicted under the indecent-exposure statute because he exposed himself, not in a "public place," but in a place "where others are present." Code § 18.2-387. But Johnson was not charged with violating that statute. And he could not be convicted under the obscene-sexual-display statute, she argued, because Johnson did not masturbate "in any *public* place where others are present," Code § 18.2-387.1 (emphasis added). In other words, the fact that Johnson's cell was a place "where others" were present did not transform it into a "public place."

Johnson's argument has some common-sense appeal. After all, few places would seem *less* public than an isolation cell in a restrictive-housing unit visible from the outside only through a small window in the solid door. *Cf. Public*, *Black's Law Dictionary* (11th ed. 2019) ("Open or available for all to use, share, or enjoy."). And when the General Assembly uses different language in closely related statutes—as it did in Code §§ 18.2-387 and 18.2-387.1—we ordinarily ascribe meaning to those differences. *See, e.g.*, *Zinone v. Lee's Crossing Homeowners Ass'n*, 282 Va. 330, 337 (2011) ("[W]hen the General Assembly has used specific language in

---

[2] Code § 18.2-387 provides: "Every person who intentionally makes an obscene display or exposure of his person, or the private parts thereof, in any public place, or in any place where others are present, or procures another to so expose himself, shall be guilty of a Class 1 misdemeanor."

one instance, but . . . uses different language when addressing a similar subject elsewhere in the Code, we must presume that the difference in the choice of language was intentional.").[3]

But we do not write on a clean slate. We are bound by this Court's prior panel decision in *Barnes*, 61 Va. App. at 498-99. Barnes was convicted of violating both Code § 18.2-387 and Code § 18.2-387.1 after he masturbated in a "first floor . . . lockup" while grinning at a female prison employee who was flanked by "eight other inmates" who could also see him from their cells. *Id.* at 496-97. Unlike Johnson, Barnes did not argue that there was any meaningful distinction in the way the two statutes used the term "public place." Our Court treated the usage as equivalent in both statutes: "[W]e hold that 'public place,' as used in Code §§ 18.2-387 and 18.2-387.1 comprises places and circumstances where the offender does not have a reasonable expectation of privacy, because of the foreseeability of a non-consenting public witness." *Id.* at 500. Because Barnes masturbated in his cell while he "was in open view to staff, other inmates, and to members of the public with authorized access," we concluded that he "did not have a reasonable expectation of privacy," so "his behavior occurred in a public place under Code §§ 18.2-387 and 18.2-387.1." *Id.*

That holding and rationale requires affirmance here. Under the interpanel-accord doctrine, the decision of a prior panel of this Court "'becomes a predicate for application of the doctrine of stare decisis' and cannot be overruled except by the Court of Appeals sitting en banc

---

[3] The original version of the obscene-sexual-display bill would have modified the language of the indecent-exposure statute, Code § 18.2-387, to include masturbatory conduct in the definition of "obscene display or exposure of his person." *See* H.B. 2623 (Jan. 12, 2005). But the bill was amended in committee to create a standalone offense—what is now Code § 18.2-387.1—based on masturbatory conduct "in any public place where others are present." *See* H.B. 2623 (Feb. 4, 2005) (House committee amendment in nature of a substitute). The Senate added a scienter requirement that the offender must have intended to "be seen by others." H.B. 2623 (Feb. 16, 2005) (Senate committee amendment in nature of a substitute). The final bill was enacted without further change to the key phrase "in any public place where others are present." 2005 Va. Acts ch. 422. Like the crime of indecent exposure, engaging in an obscene-sexual display is "a Class 1 misdemeanor." Code §§ 18.2-387, 18.2-387.1.

or by the Virginia Supreme Court." *Butcher v. Commonwealth*, 298 Va. 392, 397 n.6 (2020) (quoting *Clinchfield Coal Co. v. Reed*, 40 Va. App. 69, 73 (2003)). The interpanel-accord doctrine "applies not merely to the literal holding of the case, but also to its *ratio decidendi*—the essential rationale in the case that determines the judgment." *Clinchfield Coal*, 40 Va. App. at 73-74.

At oral argument, Johnson's counsel pointed out an obvious factual distinction between *Barnes* and this case: Barnes was viewable by multiple persons who could see into his cell, while Johnson could be seen only by looking through the small window in his cell door. But *Barnes* held that whether a prison cell is a "public place" turns on whether the inmate has "a reasonable expectation of privacy." 61 Va. App. at 500. That was *Barnes*'s "essential rationale," *Clinchfield Coal*, 40 Va. App. at 73, so it controls our analysis here. Johnson had no reasonable expectation of privacy when he invited the librarian to watch his obscene sexual display.

Johnson's counsel noted that *Barnes*'s focus on the defendant's expectation of privacy would make *any* place a "public place" when others are present. The Commonwealth had difficulty explaining why that was not correct. Still, under *Barnes*, Johnson had no reasonable expectation of privacy when he invited the librarian to look through the window of his cell to see him masturbating. And any "criticism" of *Barnes*, "no matter how valid," *Vay v. Commonwealth*, 67 Va. App. 236, 257 (2017), and "even if we agreed," *Williams v. Commonwealth*, 50 Va. App. 337, 341 n.1 (2007), would not authorize us to ignore its controlling force here.

CONCLUSION

Because Johnson invited the librarian to look through his cell-door window, Johnson had no "reasonable expectation of privacy" in his cell. *Barnes*, 61 Va. App. at 500. And because we

are bound by *Barnes*, we must find that Johnson's cell qualified as a "public place where others are present" under Code § 18.2-387.1.

*Affirmed.*