COURT OF APPEALS OF VIRGINIA


Present:   Judges Frank, McClanahan and Petty
Argued at Salem, Virginia


EARL DUPREE WILSON
                                                              OPINION BY
v.       Record No. 2783-07-3              JUDGE ELIZABETH A. McCLANAHAN
                                                             MARCH 24, 2009
COMMONWEALTH OF VIRGINIA


                    FROM THE CIRCUIT COURT OF ROANOKE COUNTY
                                Charles N. Dorsey, Judge

                Melissa W. Friedman (Anthony F. Anderson; Anderson &
                Friedman, on brief), for appellant.

                Leah A. Darron, Senior Assistant Attorney General (Robert F.
                McDonnell, Attorney General, on brief), for appellee.


        In a bench trial, Earl Dupree Wilson was convicted of attempting to unlawfully

photograph a non-consenting twenty-year-old female's "intimate parts or undergarments

covering those intimate parts" not visible to the general public, in violation of Code §§ 18.2-27

and 18.2-386.1, a misdemeanor.  On appeal, Wilson argues the trial court erred in its

interpretation of Code § 18.2-386.1 by holding that a crime under the statute could occur in a

public place.  Wilson also argues the evidence was otherwise insufficient to support his

conviction.  For the following reasons, we affirm the conviction.

ANALYSIS

A. Public Place and Expectation of Privacy under Code § 18.2-386.1

Wilson argues that, because the incident occurred in a public place,[1] C.C., the victim, had no "reasonable expectation of privacy" under the statute, as a matter of law, thus negating an element of the crime. Code § 18.2-386.1(A).

Code § 18.2-386.1 provides, in relevant part, as follows:

> It shall be unlawful for any person to knowingly and intentionally videotape, photograph, or film any nonconsenting person or create any videographic or still image record by any means whatsoever of the nonconsenting person if (i) that person is totally nude, clad in undergarments, or in a state of undress so as to expose the genitals, pubic area, buttocks or female breast in a restroom, dressing room, locker room, hotel room, motel room, tanning bed, tanning booth, bedroom or other location; or (ii) the videotape, photograph, film or videographic or still image record is created by placing the lens or image-gathering component of the recording device in a position directly beneath or between a person's legs for the purpose of capturing an image of the person's intimate parts or undergarments covering those intimate parts when the intimate parts or undergarments *would not otherwise be visible to the general public*; and when the circumstances set forth in clause (i) or (ii) are otherwise such that the person being videotaped, photographed, filmed or otherwise recorded would have a *reasonable expectation of privacy*.

Code § 18.2-386.1(A) (emphasis added).

In support of the argument that the acts proscribed by this statute do not extend to those committed in a public place, Wilson first contends the locations for illegal activity listed under subsection A of the statute do not include public places. Second, he contends that, for purposes of the statute, a targeted victim cannot possess a reasonable expectation of privacy in a public place. Thus, he concludes that C.C., who was located in a public place when the subject

---

[1] The Commonwealth stipulated at trial that the victim was in a "public place" at the time of the incident.

incident occurred, did not have a reasonable expectation of privacy under the statute, as a matter of law. Because this presents a question of law involving the interpretation of Code § 18.2-386.1, we review *de novo* the trial court's judgment as to this issue. See Brown-Fitzgerald v. Commonwealth, 51 Va. App. 232, 235, 656 S.E.2d 422, 423 (2008); Colbert v. Commonwealth, 47 Va. App. 390, 394, 624 S.E.2d 108, 110 (2006); Rollins v. Commonwealth, 37 Va. App. 73, 79, 554 S.E.2d 99, 102 (2001).

When interpreting a statute, we are, as always, guided by well established principles. "'The proper course [in] all [such] cases is to search out and follow the true intent of the legislature, and to adopt that sense of the words which harmonizes best with the context, and promotes in the fullest manner the apparent policy and objects of the legislature.'" Colbert, 47 Va. App. at 394, 624 S.E.2d at 110 (quoting Jones v. Rhea, 130 Va. 345, 372, 107 S.E. 814, 823 (1921)). Furthermore, these principles "'argue against reading any legislative enactment in a manner that will make a portion of it useless [or] repetitious.'" Porter v. Commonwealth, 276 Va. 203, 230, 661 S.E.2d 415, 427 (2008) (quoting Jones v. Conwell, 227 Va. 176, 181, 314 S.E.2d 61, 64 (1984)). "On the contrary, . . . every act of the legislature should be read so as to give reasonable effect to every word and to promote the ability of the enactment to remedy the mischief at which it is directed." Jones, 227 Va. at 181, 314 S.E.2d at 64; see Colbert, 47 Va. App. at 395, 624 S.E.2d at 111 (explaining that, when interpreting a statute, "we must keep in mind 'the evil sought to be corrected by the legislature'" (quoting Southern Ry. Co. v. Commonwealth, 205 Va. 114, 117, 135 S.E.2d 160, 164 (1964))).

Guided by these principles, we reject Wilson's argument that Code § 18.2-386.1 does not criminalize acts committed against a person in a public place because such a person cannot possess a reasonable expectation of privacy. Under our construction of the statute, a person may, in fact, possess a reasonable expectation of privacy when being victimized in public.

Clauses (i) and (ii) of Code § 18.2-386.1(A) set forth separate and distinct criteria for establishing whether a crime has been committed under the statute. Clause (i) addresses the proscribed acts in relation to the location of the victim (i.e., "a restroom, dressing room, locker room, hotel room, motel room, tanning bed, tanning booth, bedroom or other location"), which are, no doubt, locations not customarily visible to the general public while in use—even though some of these locations may be accessible to the general public. Code § 18.2-386.1(A)(i).

Clause (ii), on the other hand, addresses the proscribed acts in relation to a particular region of the victim's body, i.e., "beneath or between [the victim's] legs," irrespective of whether the victim was located in a public or private place. Code § 18.2-386.1(A)(ii). The proviso under clause (ii) is that the victim's "*intimate parts or undergarments covering those intimate parts*," which may have been visible with a recording device "position[ed] directly beneath or between the [victim's] legs," "*would not otherwise [have been] visible to the general public*." Code § 18.2-386.1(A)(ii) (emphasis added).[2]

The Code § 18.2-386.1(A) requirement that the victim otherwise have a "reasonable expectation of privacy" then follows and is made applicable to both clauses (i) and (ii). Accordingly, the victim's reasonable expectation of privacy under clause (ii) is in reference to the victim's intimate parts or undergarments covering those intimate parts—not in reference to the victim's actual physical location (as in clause (i)). The victim in this case was wearing clothing covering her undergarments while shopping in a public location. The trial court thus

---

[2] This requirement that the victim's "intimate parts or undergarments covering those intimate parts . . . not otherwise be visible to the general public" does not mean that a violation under clause (ii) must occur in a public place. Code § 18.2-386.1(A)(ii). Rather, it is clear from the statutory context that this is simply a standard by which to assess whether the victim's "intimate parts or undergarments" were reasonably out of view, as a prerequisite to finding that the accused has viewed them unlawfully. Id.

did not err in finding that she had a reasonable expectation of privacy as to those undergarments for purposes of Code § 18.2-386.1.

## B.  Sufficiency of the Evidence

When reviewing a challenge to the sufficiency of the evidence, "the judgment of the trial court sitting without a jury is entitled to the same weight as a jury verdict." Saunders v. Commonwealth, 242 Va. 107, 113, 406 S.E.2d 39, 42 (1991) (citation omitted).  Under this standard, this Court does not "ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 318-19 (1979) (emphasis in original; citation and internal quotation marks omitted).  Instead, we ask only "'whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" Maxwell v. Commonwealth, 275 Va. 437, 442, 657 S.E.2d 499, 502 (2008) (quoting Jackson, 443 U.S. at 319) (emphasis in original).  See also McMillan v. Commonwealth, 277 Va. 11, 19, 671 S.E.2d 396, 399 (2009); Jones v. Commonwealth, 277 Va. 171, 182, 670 S.E.2d 727, 734 (2009); Clanton v. Commonwealth, ___ Va. App. ___, ___, ___ S.E.2d ___, ___ (Mar. 17, 2009) (*en banc*).

We review the evidence in the "light most favorable" to the Commonwealth as the prevailing party below. Commonwealth v. Hudson, 265 Va. 505, 514, 578 S.E.2d 781, 786 (2003) (citations omitted).  C.C., a twenty-year-old female, went shopping at a clothing store, which was open to the general public, wearing a mid-thigh length dress that completely covered her undergarments.  As C.C. testified at trial, while in the store, she turned around to look at a rack of clothing behind her and discovered that someone with a camera was "either crouched or laying [sic] on the ground underneath the rack."  At the time, all she could see was the person's hand and arm "extended outside of the rack of clothing holding a camera that was tilted upwards

- 5 -

. . . so it could view up . . . [her] dress." C.C. estimated that the camera was about a foot and a half from her leg. She then moved to the other side of the rack and saw Wilson getting to his feet with the camera in his hand.

Police Officer K.O. Jones questioned Wilson shortly thereafter, at which time Wilson admitted that he was the one with the camera underneath the rack of clothing and that C.C., in fact, "stepped on his hand while [he was] down there." Wilson also later admitted to a magistrate that he took C.C.'s picture with his camera. Officer Jones obtained Wilson's camera for forensic analysis, but no images were recovered due to a malfunction with the camera.

Wilson argues the evidence was insufficient to prove he positioned his camera directly beneath or between C.C.'s legs, based on C.C.'s testimony that Wilson's camera was approximately one and a half feet away from her leg. According to Wilson, "direct" in this context means that his camera had to be "immediately underneath [C.C.'s] clothing" to establish his culpability; and not just in a direct line of sight, even if at an angle, as the trial court held. In the alternative, Wilson argues the evidence was insufficient because there was "no way to determine what subject matter [he] actually photographed" in light of the fact his camera contained no photographs.

Wilson was charged with and convicted of *attempting* to photograph C.C., in violation of Code §§ 18.2-27 and 18.2-386.1—not the completed crime. Therefore, it was not necessary for the Commonwealth to prove that he, in fact, accomplished "directly" photographing C.C. in the proscribed manner under the statute. See Hix v. Commonwealth, 270 Va. 335, 347, 619 S.E.2d 80, 87 (2005) ("'[A]n attempt to commit a crime is composed of two elements: (1) the intent to commit it; and (2) a direct, ineffectual act done toward its commission.'" (quoting Barrett v. Commonwealth, 210 Va. 153, 156, 169 S.E.2d 449, 451 (1969))). For the same reason, it was not necessary for the Commonwealth to offer proof that Wilson actually photographed anything.

See id. at 341-47, 619 S.E.2d at 83-87 (affirming conviction of attempted indecent liberties with a minor under Code § 18.2-370 where defendant's targeted minor victim was, in fact, an adult undercover police officer).

On this record, the evidence was sufficient for the trial court to rationally find Wilson guilty of attempting to photograph C.C. in violation of Code § 18.2-386.1.

CONCLUSION

For these reasons, we affirm Wilson's conviction.

Affirmed.