UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:   Judges Decker, Malveaux and Senior Judge Clements
Argued at Richmond, Virginia


SHELBY McCURNIN, JR., S/K/A
   SHELBY F. McCURNIN, JR.

                                                        MEMORANDUM OPINION* BY
v.        Record No. 0309-17-2                 JUDGE MARY BENNETT MALVEAUX
                                                        NOVEMBER 21, 2017

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF LOUISA COUNTY
Timothy K. Sanner, Judge

Scott D. Cardani (Bowen Ten Cardani PC, on brief), for appellant.

Leah A. Darron, Senior Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.


Shelby McCurnin ("appellant") was convicted of four counts of intentionally videotaping

nonconsenting persons aged 18 years or older, in violation of Code § 18.2-386.1.  On appeal,

appellant argues that the trial judge erred in failing to recuse himself.  Appellant further contends

that the trial court erred in failing to grant his motion to strike, as the Commonwealth failed to

establish the element of intent.  For the following reasons, we affirm appellant's convictions.

I.  BACKGROUND

Motion to Recuse

On July 21, 2016, appellant filed a pre-trial motion asking the trial judge to recuse

himself from hearing appellant's pending criminal case because the judge had presided over an

October 15, 2015 civil hearing between appellant and his wife.  In his motion, appellant alleged

that at the 2015 civil hearing, the facts of the criminal matter were discussed at length, and the

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

judge opined as to his belief of certain facts at issue in the criminal trial. Appellant argued that "[t]o achieve justice these facts would need to be presented criminally to a trier of fact that has not heard the testimony prior."

At a hearing on the motion, counsel for appellant told the judge that he had a copy of the transcript of the civil hearing,[1] to which the judge responded:

> THE COURT: Well basically I made findings as to his credibility in that hearing, right?
>
> DEFENSE ATTORNEY: Yeah . . . you made findings that you didn't believe the video was taken accidently and then you further state other things later about not believing it was taken by a game camera accidently.

Appellant's counsel argued that the trial judge should recuse himself as "the ultimate issue of [the] criminal defense case is sort of in the way already been ruled on." The trial judge asked for authority for the proposition that if a trial court makes a "credibility finding with respect to a litigant," that judge should recuse himself in "further proceedings of a like or similar nature." Appellant's counsel stated that he had researched that point and found that it was "really [the trial judge's] discretion and it always has been." In ruling on the motion, the judge stated that he

> generally remember[ed] the matter [appellant] had. I remember his allegation of some videotaping. . . . [W]hatever the [c]ourt said in that hearing we've had a subsequent hearing I can recall in [appellant's] case. It was a pretrial matter. I don't remember candidly what the issue was about. The [c]ourt heard some further matters in that matter and I gather there is still the ultimate case to be heard which may again address this general issue in terms of . . . I suppose it would be a negative non-monitory [*sic*] fact in a divorce case or something. But, as I said, this is not a rare issue for [j]udges to address and the [c]ourt does what the [c]ourt needs to do, which is the [c]ourt hears each case individually and based upon the evidence in that particular case which maybe similar or maybe entirely different as far as the [c]ourt knows. And the

---

[1] A copy of this transcript was neither introduced into evidence nor provided to the trial judge.

[c]ourt doesn't by any means say, well the issue in this case was
this and this happened. But I remember in that pretrial divorce
hearing that there was some other evidence that this happened and
I kind of add onto that with that evidence that was presented in this
case and it's simply inappropriate and the [c]ourt doesn't do it.

The trial judge declined to recuse himself.

## Evidence at Trial

Appellant and his wife, Leah McCurnin ("McCurnin"), resided at 2167 Harts Mill Road in Louisa County. McCurnin's niece, A.H., stayed at their residence for a few weeks in 2013. C.M. had also stayed at their home at various time periods, while working as their nanny. C.H.M., C.M.'s sister, had also stayed at the family's home while visiting her sister. These visitors all stayed in a guest bedroom that had a bathroom attached to the room. A single door allowed entry to the guest bedroom and bathroom. The bathroom had only one electrical outlet, which was located about waist height on the wall opposite the shower.

In September 2015, McCurnin discovered text messages to other women on appellant's phone. She then examined appellant's office computer and found two folders containing videos of A.H., unclothed and in the shower of the guest bathroom. The videos were dated November 16 and 17, 2013. McCurnin took a screen shot of the location in the computer's files where she found the videos. She then copied the videos onto a thumb drive and deleted them from appellant's computer.

Two days later, McCurnin confronted appellant about the videos. When McCurnin told appellant that she found the videos of A.H., appellant "immediately . . . nodded his head and then looked at the floor."

McCurnin subsequently gave appellant's work computer and other electronic devices to Patrick Siewert, a forensic computer expert recommended by her attorney. Siewert showed McCurnin another set of files on the computer which contained two videos, one of C.M. and one

of C.H.M. Both videos depicted the women in the guest bathroom, while they were nude and either showering or preparing to shower.[2] These videos were dated February 2, 2014.

McCurnin testified that the family used to charge electronic devices in their kitchen and that she had never seen any electronic devices charging in the guest bathroom. A.H. testified at trial that she never saw a game camera in the guest bathroom. She stated that she used the one electrical outlet in the bathroom to use a hair dryer and never had to unplug any device to use the outlet. Likewise, C.M. and C.H.M. both testified that they neither saw a game camera in the guest bathroom nor had to unplug an electrical device to use the outlet.

Laura Olman, a computer forensic examiner with the Office of the Attorney General, testified that she extracted 43 video files from a hard drive on appellant's computer. The videos were one-minute segments of women in a bathroom in a state of undress, preparing to take a shower, taking a shower, and then getting dressed. Two different women appeared in this set of videos. Olman found another set of 33 videos on the same hard drive, depicting a third woman. Olman testified that both sets of files were non-sequential, meaning "that there were some that were taken out by the user before they were put in the zip folder" or "put in the zip folder and then removed later."

Sometime in 2015, Richard Roberts, a former employee of appellant's, met appellant socially at a bar. Appellant told Roberts that his wife "had found stuff on his computer" and that "she was making a big deal out of nothing." Appellant told Roberts that the videos of A.H. were "good."

---

[2] Appellant stipulated that the videos depicted images of the victims' intimate parts and that the victims did not consent to be filmed.

Appellant moved to strike the evidence after the Commonwealth rested, arguing that the Commonwealth failed to prove that appellant was the person who created the videos or that he intentionally filmed the videos. The court denied the motion.

Appellant testified at trial that he obtained a game camera at the end of October 2013 to record farm workers employed on his property. Appellant said that the camera recorded when there was motion present and that he charged it in the guest bathroom. He did not realize it would record while being charged. He reviewed the videos recorded by the camera and found videos of A.H., which he deleted. He later found videos of C.M. and C.H.M. and also deleted those videos. He downloaded the videos onto his computer to be able to delete them from the "SD" card they were recorded on.

Patrick Logan, an expert in computer forensic analysis, testified for the appellant, stating that the videos were stored on the "F" drive, an old drive that is not a place where individuals usually store videos. Logan testified that the files would appear out of sequence after they had been deleted. He noted that these videos were found in the normal format for game camera videos.

Appellant renewed his motion to strike, which the judge took under advisement pending his final ruling. In closing, appellant argued that there was no intent to film the women, rather, the filming was merely accidental.

The trial court found McCurnin's testimony credible, and did not find appellant's account of the events credible. The court found that, as it was described by appellant, the game camera charging in the bathroom would have been apparent to the women who were being recorded, but they testified that they did not see it. The court also noted that the images of A.H. and the images of C.H. and C.H.M. were recorded nearly three months apart and dated November 2013 and February 2014. McCurnin found the videos on appellant's computer over a year later, in

September 2015, which negated any innocent intent. The court found appellant guilty of all four counts of violating Code § 18.2-386.1.

## II. ANALYSIS

### A. Recusal

On appeal, appellant argues that the trial judge erred by denying the motion to recuse himself. Appellant contends that, whether consciously or not, the trial judge was biased against him because he had heard the same facts in a prior civil matter where he opined as to appellant's credibility.[3]

"In considering a motion for recusal, a judge must exercise reasonable discretion in determining whether he or she possesses such bias or prejudice that would deny a litigant a fair trial." Wilson v. Commonwealth, 272 Va. 19, 28, 630 S.E.2d 326, 331 (2006). Accordingly, we apply an abuse of discretion standard to determine the propriety of a trial judge's recusal decision. Id. The party seeking recusal of a judge "has the burden of proving the judge's bias or prejudice." Commonwealth v. Jackson, 267 Va. 226, 229, 590 S.E.2d 518, 520-21 (2004).

Based upon the record before us, we can conclude that the trial judge did not find appellant's testimony in the civil matter regarding facts at issue in the criminal trial entirely

---

[3] Appellant's assignment of error specifically alleges that the trial judge's failure to recuse himself denied appellant "his due process right to have his case heard before a neutral arbiter free from bias." See Welsh v. Commonwealth, 14 Va. App. 300, 314, 416 S.E.2d 451, 459 (1992) (setting out the parameters for when due process considerations mandate recusal). However, in the trial court, appellant argued only that recusal was necessary "to achieve justice" because the trial judge had made a credibility determination concerning appellant in a previous civil hearing. Consequently, we decline to consider whether any due process considerations were implicated and focus solely on whether the trial judge abused his discretion in declining to recuse himself in this matter. See Rule 5A:18; see also Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998) ("Rule 5A:18 applies to bar even constitutional claims.").

credible.[4]  However, while the trial judge made findings regarding appellant's credibility during the prior civil hearing, this in itself was insufficient to compel recusal.

> Frequently, in the disposition of cases, both civil and criminal, a judge is called upon to form and express an opinion upon a matter or issue which may come before him in a subsequent proceeding arising out of the same state of facts.  The courts are practically unanimous in the view that neither the forming nor the expression of such a conclusion, under such circumstances, disqualifies a judge in the subsequent matter.

Justus v. Commonwealth, 222 Va. 667, 673, 283 S.E.2d 905, 908 (1981) (quoting Slayton v. Commonwealth, 185 Va. 371, 376, 38 S.E.2d 485, 488 (1946)).

The trial judge's expression of an opinion on appellant's credibility in a prior proceeding did not automatically disqualify him from hearing the criminal matter.  Instead, we look to whether the trial judge in this particular case "possess[ed] such bias or prejudice that would deny a litigant a fair trial."  Wilson, 272 Va. at 28, 630 S.E.2d at 331.  The appellant bears the burden of demonstrating judicial bias.  In the instant case, appellant has not provided any proof of bias on the part of the trial judge.  The judge stated during the recusal hearing that he had a limited recollection of the prior civil proceeding.  He indicated that he would not "add on" evidence from that proceeding to the evidence presented in the criminal proceeding because that would be "simply inappropriate and the [c]ourt doesn't do it."  The trial judge made clear that he heard "each case individually and based upon the evidence in that particular case . . . ."  Appellant has

_____

[4] Appellant asks us on appeal to consider specific statements made by trial judge in the prior civil proceeding that appellant claims demonstrate the judge's bias.  Appellant did not introduce the transcript of the civil hearing into evidence in the trial court.  Appellant did attach a partial transcript from the civil hearing to his opening brief on appeal and referred to it as "Appellant's Exhibit 1."  However, pursuant to Rule 5A:8(a), a "transcript of any proceeding is a part of the record when it is filed in the office of the clerk of the trial court within 60 days after entry of the final judgment."  As this transcript was not filed in accordance with the Rules of Court with the trial court clerk's office, it is not considered part of the record.  Therefore, we consider appellant's argument only to the extent that it was presented in the motion for recusal and the argument on this motion.

not provided any evidence showing that the trial judge failed to make a determination based upon the facts presented in the criminal case. Nothing in the record suggests the trial judge abused his discretion in denying the motion for recusal; thus, we find no error in this decision on appeal.

## B. Sufficiency of the Evidence

Appellant further contends that the trial court erred in denying his motion to strike the Commonwealth's evidence as insufficient to sustain appellant's convictions under Code § 18.2-386.1. Specifically, he argues that the Commonwealth failed to establish the necessary element of intent.

"When reviewing a challenge to the sufficiency of the evidence, 'the judgment of the trial court sitting without a jury is entitled to the same weight as a jury verdict.'" Wilson v. Commonwealth, 53 Va. App. 599, 605, 673 S.E.2d 923, 926 (2009) (quoting Saunders v. Commonwealth, 242 Va. 107, 113, 406 S.E.2d 39, 42 (1991)). A reviewing court does not "ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 318-19 (1979) (citation omitted). Instead, we ask only "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Maxwell v. Commonwealth, 275 Va. 437, 442, 657 S.E.2d 499, 502 (2008) (quoting Jackson, 443 U.S. at 319). These principles recognize that an appellate court is "not permitted to reweigh the evidence," Nusbaum v. Berlin, 273 Va. 385, 408, 641 S.E.2d 494, 507 (2007), because appellate courts have no authority "to preside *de novo* over a second trial," Haskins v. Commonwealth, 44 Va. App. 1, 11, 602 S.E.2d 402, 407 (2004). Therefore, we will only reverse the court's judgment "upon a showing that it 'is plainly wrong or without evidence to support it.'" Wilson, 272 Va. at 27, 630 S.E.2d at 330 (quoting Code § 8.01-680). In considering a

challenge to "the sufficiency of the evidence . . . we review the evidence in the light most favorable to the Commonwealth, according it the benefit of all reasonable inferences fairly deducible therefrom." Singleton v. Commonwealth, 278 Va. 542, 548, 685 S.E.2d 668, 671 (2009).

Code § 18.2-386.1(A) provided, at the time of the offenses, as follows:

> It shall be unlawful for any person to knowingly and intentionally videotape, photograph, or film any nonconsenting person or create any videographic or still image record by any means whatsoever of the nonconsenting person if . . . that person is totally nude, clad in undergarments, or in a state of undress so as to expose the genitals, pubic area, buttocks or female breast in a restroom, dressing room, locker room, hotel room, motel room, tanning bed, tanning booth, bedroom or other location.[5]

"Intent is the purpose formed in a person's mind at the time an act is committed." Johnson v. Commonwealth, 53 Va. App. 79, 100, 669 S.E.2d 368, 378 (2008) (quoting Commonwealth v. Taylor, 256 Va. 514, 519, 506 S.E.2d 312, 314 (1998)). "Intent may, and most often must, be proven by circumstantial evidence and the reasonable inferences to be drawn from proven facts [that] are within the province of the trier of fact." Fleming v. Commonwealth, 13 Va. App. 349, 353, 412 S.E.2d 180, 183 (1991). "Circumstantial evidence is as acceptable to prove guilt as direct evidence, and in some cases, such as proof of intent or knowledge, it is practically the *only* method of proof." Parks v. Commonwealth, 221 Va. 492, 498, 270 S.E.2d 755, 759 (1980).

"The credibility of a witness, the weight accorded the testimony, and the inferences to be drawn from proven facts are matters solely for the fact[]finder's determination." Keyes v. City of Virginia Beach, 16 Va. App. 198, 199, 428 S.E.2d 766, 767 (1993). Additionally, "the fact finder is entitled to disbelieve the self-serving testimony of the accused and to conclude that the

---

[5] In 2014, subsequent to the date of the offenses, Code § 18.2-386.1(A) was amended by the removal of the language "videotape, photograph or film any nonconsenting person or."

accused is lying to conceal his guilt." Marable v. Commonwealth, 27 Va. App. 505, 509-10, 500 S.E.2d 233, 235 (1998).

Appellant's contention that the evidence did not establish that appellant possessed the intent necessary for a conviction under Code § 18.2-386.1 is without merit. Here, the evidence, viewed in the light most favorable to the Commonwealth, included four videos of naked, showering women found on appellant's work computer. Segments of the videos were non-sequential, indicating that they had been taken out of order before they were stored on appellant's computer. The videos were taken over a period of several months, and remained on appellant's computer for over a year until his wife deleted them. Appellant told a former employee his video of A.H. was "good." These facts support a reasonable inference that appellant knowingly and intentionally filmed the four videos, which on appeal we cannot say is plainly wrong or without evidence.

However, in support of his contention that the Commonwealth failed to prove his intent to film the women, appellant highlights his own testimony that the filming was accidental. Appellant testified that he accidentally captured the videos while charging his game camera in the guest bathroom. The trial judge, sitting as the trier of fact, was entitled to reject this testimony in light of the other facts in this case. The trial judge weighed appellant's self-serving testimony in consideration with the testimonies of A.H., C.M., and C.H.M., who all stated that they never saw a game camera in the guest bathroom and did not have to unplug any electronic devices from the bathroom's sole outlet before using their own devices. Here, the facts provide more than adequate support for the finding that appellant intentionally, rather than accidentally, filmed the women without their consent. Consequently, the evidence was sufficient to support the convictions.

## III. CONCLUSION

We hold that the trial judge did not err in denying appellant's motion requesting his recusal. Further, the evidence is sufficient to support appellant's convictions. Accordingly, we affirm those convictions.

<u>Affirmed.</u>