COURT OF APPEALS OF VIRGINIA

Present: Judges Humphreys, Petty and Huff
Argued by videoconference

RONALD GENE EDWARDS, JR.

MEMORANDUM OPINION* BY
v.       Record No. 0464-20-3        JUDGE GLEN A. HUFF
                                     DECEMBER 1, 2020

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF HENRY COUNTY
David V. Williams, Judge

Michael A. Nicholas (Daniel, Medley & Kirby, P.C., on brief), for
appellant.

Sharon M. Carr, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.


Ronald Gene Edwards, Jr. ("appellant") appeals his conviction for receipt of stolen

property, in violation of Code § 18.2-108. Following a bench trial in the Circuit Court of Henry

County (the "trial court"), appellant was sentenced to ten years' incarceration with nine years

suspended for a period of five years. On appeal, he contends that the evidence was insufficient

to convict him of receiving stolen property. For the following reasons, this Court affirms

appellant's conviction.

I. BACKGROUND

On appeal, "we consider the evidence and all reasonable inferences flowing from that

evidence in the light most favorable to the Commonwealth, the prevailing party at trial."

Williams v. Commonwealth, 49 Va. App. 439, 442 (2007) (*en banc*) (quoting Jackson v.

Commonwealth, 267 Va. 666, 672 (2004)). So viewed, the evidence is as follows:

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

At 6:00 in the morning on February 21, 2018, Chris Braddock noticed that several items were missing from his property in Henry County, including (but not limited to) an ATV, a Husqvarna leaf blower, and his wife's nine-millimeter Ruger handgun. Braddock then called the Henry County Sheriff's Office to report that his property had been stolen.

Lieutenant Tim Compton of the Henry County Sheriff's Office responded to Mr. Braddock's call and arrived at the scene. After discussing the matter with Braddock and conducting an initial investigation of the premises, Lieutenant Compton noticed a trail of ATV "tracks leading from the building where the [ATV] was kept at, down the side of the driveway and the yard and towards where the road was at." Lieutenant Compton followed the tracks of the stolen ATV and discovered the ATV at a residence located at 1520 Eggleston Falls Road. That residence was "basically right across the road from [appellant's] residence[,]" which was located at 1805 Eggleston Falls Road. Following Lieutenant Compton's discovery, Braddock arrived at the 1520 Eggleston Falls Road residence, identified the ATV as his, and then loaded it on the trailer and returned it to his home.

Early in the morning on the date Braddock discovered his property was missing, John David Stanley had observed his son Casey Stanley as well as Robert Donovant and two other men loading a variety of items into a barn on John David Stanley's property. John David Stanley believed that one of the other men accompanying Donovant and his son looked like appellant. Around noon the same day, he observed Donovant, Chance Combs, an older female, and "a guy with one leg" whom he believed to be appellant return to his property and load items from the barn into a car.[1] Among the items loaded into the car were "two tool bags" and "a leaf blower[.]"

_____

[1] John David Stanley equivocated as to whether the "guy with one leg" was appellant or someone else. In a written statement, he characterized the "guy with one leg" as appellant. At

- 2 -

On February 24, 2018, John David Stanley was instructed by his son Casey to go to the residence of Chad Combs–the brother of Chance Combs–to retrieve a firearm and "get rid of it." On the same day, John David Stanley arrived at Chad Combs' home, retrieved the firearm, and took it home.

At some point soon after, Officer Bruce Young was informed by Chad Combs that John David Stanley was in possession of the firearm believed to be the same one that was stolen from Braddock's home. On February 26, 2018, Officer Young and Deputy Corey Waddell went to the Stanley home to investigate the situation. After speaking with John David Stanley, the officers retrieved the firearm which turned out to be the same nine-millimeter Ruger handgun stolen from the Braddock residence days earlier. The firearm was subsequently returned to Braddock.

On February 25 or 27, 2018,[2] the Henry County Sheriff's Office received an anonymous tip requesting police presence at a residence belonging to a man named Charles Dillon. Deputy Waddell and Officer Young arrived at the Dillon residence and spoke with Charles Dillon, who informed the officers that he had purchased a Husqvarna leaf blower from appellant for $40. The officers then retrieved the leaf blower, determined it was the same one stolen from Braddock, and returned it to him.

On February 28, 2018, Deputy Alan Jones from the Henry County Sheriff's Office arrested appellant. On March 4, 2018, Lieutenant Compton interviewed appellant in the Henry County jail. Following a waiver of his <u>Miranda</u> rights, appellant told Lieutenant Compton that

---

trial, however, he testified that he was unsure if that individual was appellant. Viewing that conflicting evidence in the light most favorable to the Commonwealth and resolving evidentiary ambiguities in its favor, this Court assumes that appellant was the person John David Stanley observed loading items into his shed.

[2] Deputy Waddell testified that the tip and their response to it took place on February 25, whereas Officer Young testified that the response took place on February 27.

Donovant offered to sell him a Stihl leaf blower and a Stihl chainsaw around the time Braddock discovered his property missing. Appellant claimed to have rejected both offers from Donovant. He nonetheless admitted that at some point around the same time Charles Dillon gave him a "Stihl leaf blower," which appellant claimed to have later dropped off at a friend's house.

On April 23, 2018, appellant approached Lieutenant Compton on his own initiative to "clear the air" about some of the statements he made to the lieutenant in their previous conversation. Specifically, appellant claimed that it was not Robert Donovant who had approached him to sell a leaf blower and chainsaw, but rather an individual named "Robert Bailey."

On July 15, 2019, a grand jury indicted appellant on one count each of breaking and entering with the intent to commit larceny, in violation of Code § 18.2-91; grand larceny, in violation of Code § 18.2-95(ii); grand larceny of a firearm, in violation of Code § 18.2-95(iii); possession of a firearm by a violent felon, in violation of Code § 18.2-308.2(A); and possession of ammunition by a felon, in violation of Code § 18.2-308.2(A). Appellant pled not guilty to each count.

A bench trial took place on December 9, 2019, where appellant and co-defendant Casey Stanley were jointly tried. At the close of the Commonwealth's evidence, appellant moved to strike the charges of grand larceny. In that motion, appellant's counsel contended that the evidence was insufficient: among other assertions, counsel specifically argued that there was "no evidence that he actually took possession of [the leaf blower] or that he knew at the time the nature of the leaf blower to have been stolen." Appellant's counsel then asserted that "at most, you could arguably make out a case for receipt of stolen property, but I would submit there is not even a prima facie case there." The trial judge overruled the motion to strike.

At the close of all evidence, appellant's counsel renewed the motion to strike. Counsel prefaced the renewed motion by stating "I would re-state and re-allege every argument I made at motion to strike." He then repeated the argument that "[a]t most, it is recei[pt] [of] stolen property." Further, he stated that "it was certainly not proof beyond a reasonable doubt that the court could convict him of the primary offense, and I would ask that the court, without waiving any prior argument, ask the court to find him not guilty." The trial court denied that motion as well.

The trial court found appellant not guilty of breaking and entering, grand larceny of a firearm, and possession of a firearm by a convicted violent felon. Although appellant was not found guilty of the grand larceny charge, the trial court did find him guilty of the lesser-included offense of receipt of stolen property–i.e., the leaf blower–in violation of Code § 18.2-108. The trial court also found appellant guilty of possession of ammunition by a convicted felon.[3]

This appeal followed.

## II. STANDARD OF REVIEW

"When reviewing the sufficiency of the evidence to support a conviction, [this] Court will affirm the judgment unless the judgment is plainly wrong or without evidence to support it." Bolden v. Commonwealth, 275 Va. 144, 148 (2008). On appeal, this Court "does not 'ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'" Wilson v. Commonwealth, 53 Va. App. 599, 605 (2009) (quoting Jackson v. Virginia, 443 U.S. 307, 318-19 (1979)). "Rather, the relevant question is whether '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" Id. (quoting Jackson, 443 U.S. at 319).

---

[3] Appellant does not challenge his conviction for possession of ammunition by a convicted felon on appeal, so recitation of the facts relevant to that conviction is not necessary.

Additionally, in assessing whether the evidence was sufficient to find a defendant guilty beyond a reasonable doubt at trial, this Court "review[s] the evidence in the light most favorable to the prevailing party, including any inferences the factfinder may reasonably have drawn from the facts proved.'" Camp v. Commonwealth, 68 Va. App. 694, 701 (2018) (quoting Hannon v. Commonwealth, 68 Va. App. 87, 92 (2017)). "This 'examination is not limited to the evidence mentioned by a party in trial argument or by the trial court in its ruling . . . . [A]n appellate court must consider all the evidence admitted at trial that is contained in the record.'" Jennings v. Commonwealth, 67 Va. App. 620, 625 (2017) (quoting Perry v. Commonwealth, 280 Va. 572, 580 (2010)).

### III. ANALYSIS

Appellant contends that the trial court erred in finding the evidence sufficient to convict him of receiving stolen property.[4] He specifically argues that the evidence was insufficient to prove that he knew of the leaf blower's stolen nature at the time he possessed it. Notably, he does not dispute on appeal that the leaf blower he received from Charles Dillon was the one stolen from Braddock. Thus, the only question for this Court's consideration is whether the trial court could rationally infer guilty knowledge from appellant's possession of the leaf blower. This Court answers that question in the affirmative and holds that the trial court's determination

---

[4] The Commonwealth contends that appellant's argument is procedurally defaulted under the doctrines of approbate/reprobate and invited error as well as Rule 5A:18. Although, as conceded in oral argument by appellant's counsel, the motion to strike at the conclusion of all the evidence was less than precise, in the exercise of judicial restraint this Court finds that addressing the merits of appellant's sufficiency claim is the narrowest and best grounds for decision in the instant matter. Therefore, this Court will assume, without deciding, that appellant did not waive or otherwise fail to preserve his sufficiency argument. See Commonwealth v. Swann, 290 Va. 194, 196 (2015) ("The doctrine of judicial restraint dictates that we decide cases on the best and narrowest grounds available." (internal citation and quotation marks omitted)); Nunez v. Commonwealth, 66 Va. App. 152, 157 (2016) (emphasizing that "judicial restraint" counsels courts to assume legal principles without deciding them).

that appellant unlawfully received stolen property was not plainly wrong or without evidence to support it.

To prove appellant guilty of receiving stolen property, the Commonwealth was required to show that the property "was (1) previously stolen by another, and (2) received by defendant, (3) with knowledge of the theft, and (4) a dishonest intent." Bynum v. Commonwealth, 23 Va. App. 412, 419 (1996). As mentioned, the element of guilty knowledge is the only element at issue in this appeal. Guilty knowledge "is sufficiently shown if the circumstances proven . . . must have made or caused the recipient of stolen goods to believe they were stolen." Reaves v. Commonwealth, 192 Va. 443, 451 (1951). Proof of recent possession of stolen property, as opposed to "mere naked possession of stolen goods," constitutes "prima facie evidence that the defendant received the stolen goods with guilty knowledge." Roberts v. Commonwealth, 230 Va. 264, 271 (1985).

Here, the leaf blower was stolen on February 21, 2018. Appellant admitted in an interview with Lieutenant Compton on March 4 that he was shown a leaf blower and a chainsaw around the same time the leaf blower was stolen.[5] While appellant claimed he rejected those items in his encounter with Donovant, he admitted in the same interview that he received a leaf blower from Dillon–the same individual from whom the leaf blower was ultimately recovered–only a few days after the leaf blower was stolen from Braddock's property. From that admission, the trial court rationally could infer guilty knowledge from the close proximity in

---

[5] In his interview with Lieutenant Compton, appellant referred to the leaf blower he possessed as a "Stihl" leaf blower, whereas the leaf blower that belonged to Braddock was a Husqvarna. Appellant does not argue on appeal that this discrepancy between the characterization of the leaf blower brands constitutes a basis for reversal. Additionally, any confusion or mistakes made between those two brands is understandable. For one thing, both companies make orange landscaping equipment. For another, even counsel and witnesses below mistakenly referred to the stolen leaf blower as a "Stihl" and later corrected themselves and properly referred to it as a Husqvarna.

time between appellant's possession of the leaf blower and the date that leaf blower was stolen. See id. (affirming an inference of guilty knowledge when the appellant was found in possession of property stolen a month prior).

Moreover, the trial court could have rationally relied on the discrepancies in appellant's statements to Lieutenant Compton in inferring appellant's guilty knowledge. See Parham v. Commonwealth, 64 Va. App. 560, 567 (2015) ("The fact finder was entitled to . . . infer that the appellant's inconsistent statements were additional evidence of his guilt." (citation omitted)). In his initial interview with Lieutenant Compton, appellant claimed that he was shown a leaf blower by Donovant, a person who, at a minimum, was involved in the transportation of Braddock's stolen property. Changing his story a few weeks later, appellant re-approached Lieutenant Compton to "clear the air" and claimed that it was someone else, "Robert Bailey," who presented him with a leaf blower. A rational finder of fact could have inferred from appellant's inconsistent statements that he was attempting to distance himself from the relevant participants in a last-ditch effort to exonerate himself and could further infer that such was evidence of appellant's guilt.

These facts, combined with John David Stanley's observation of appellant transporting stolen items from his barn to a vehicle, permitted a rational trier of fact to find appellant guilty of receiving stolen property. Therefore, the trial court's conclusion that appellant was guilty of receiving stolen property was not plainly wrong or without evidence to support it.

IV. CONCLUSION

For the foregoing reasons, this Court affirms the judgment below.

Affirmed.